Steven J. Nataupsky (State Bar No. 155,913)
snataupsky@kmob.com
Boris Zelkind (State Bar No. 214,014)
boris.zelkind@kmob.com
Ali S. Razai (State Bar No. 246,922)
ali.razai@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
San Diego, CA 92101
Telephone: (619) 235-8550
Facsimile:  (619) 235-0176

Attorneys for Plaintiff and Counter-Defendant
I-FLOW CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I-FLOW CORPORATION, a Delaware corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>APEX MEDICAL TECHNOLOGIES, INC., a California corporation, MARK MCGLOTHLIN, an Individual,<br><br>          Defendants.<br><br>APEX MEDICAL TECHNOLOGIES, INC., a California corporation,<br><br>          Counter-Claimant,<br><br>    v.<br><br>I-FLOW CORPORATION, a Delaware corporation,<br><br>          Counter-Defendant. | Case No. 07-cv-1200 DMS (NLS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION**<br><br>Date: May 5, 2008<br>Time: 10:30 a.m.<br>Courtroom F, 1st Floor<br>Honorable Nita L. Stormes |

Plaintiff I-Flow Corporation ("I-Flow") hereby moves to Compel Document Production by Defendants Apex Medical Technologies, Inc. and Mark McGlothlin (collectively "Defendants").

## I. SUMMARY OF THE ARGUMENT

Defendants have failed to satisfy the document production requirements of Patent L.R. 3.4 and paragraph 8 of the Court's Scheduling Order. Rather than meet its obligations to produce all documents describing or illustrating the operation and structure of the accused SOLACE™ Post-Operative Pain Relief Infusion System ("Accused Solace Pump"), Defendants produced a total of thirteen pages of documents, some of which appear to have been created for the purposes of this litigation. The thirteen pages consist of a product brochure and superficial drawings which provide no details about the accused infringing device. The documents do not show the internal structure or details of the operation of the Accused Solace Pump. Defendants have refused to produce documentation detailing the structure, material properties and technical specifications of the components of the Accused Solace Pump. During I-Flow's efforts to meet and confer, Defendants refused to even identify whether any additional technical documents exist in their possession and control. As a result, I-Flow has been forced to move to compel document production in compliance with the Patent Local Rules and the Court's Scheduling Order.

## II. STATEMENT OF FACTS

I-Flow filed this patent infringement action against Defendants for infringing I-Flow's U.S. Patent No. 5,284,481 ("the '481 patent") by making, using, selling, and offering for sale the Accused Solace Pump. The case is currently progressing through claim construction discovery pursuant to the Patent Local Rules. On December 13, 2007, I-Flow timely served its Preliminary Infringement Contentions and accompanying document production. Declaration of Boris Zelkind, ¶ 2 and Ex. G.

On February 11, 2008, Defendants timely served their Preliminary Invalidity Contentions pursuant to Patent L.R. 3.3 and corresponding document production pursuant to Patent L.R. 3.4. Zelkind Decl., ¶ 3. Defendants corresponding document production contained

thirteen pages of documents (production nos. APX00001-13)[1], including an eight page sales brochure and five pages of drawings. See Zelkind Decl., Ex. H. Certain of the five pages of drawing appear to have been created for the purposes of this litigation and not in the normal course of business.

In a letter dated February 26, 2008, I-Flow informed Defendants that the production of the thirteen pages accompanying the Preliminary Invalidity Contentions was insufficient and incomplete. I-Flow requested an indication of when Defendants would complete their production to satisfy their obligation under Patent L.R. 3.4. Zelkind Decl., Ex. A . Defendants did not respond. Zelkind Decl., ¶ 5.

On March 3, 2008, I-Flow sent a follow-up letter, again inquiring as to when Defendants would supplement their production and comply with Patent L.R. 3.4. Zelkind Decl., Ex. B. Again Defendants did not respond. Zelkind Decl., ¶ 6.

On March 10, 2008, I-Flow contacted Defendants' counsel by phone to address Defendants' failure to respond to I-Flow's letters and to seek supplementation of Defendants' document production. Zelkind Decl., ¶ 7. This conversation was memorialized in a letter dated March 10, 2008. *Id.* During this teleconference, I-Flow asked whether the thirteen pages produced by Apex included any documents created by or for counsel for the purposes of this litigation or if they were all documents created by or for Apex in the ordinary course of business. Defendants would not provide an answer. I-Flow also asked whether Defendants possessed any additional technical documents in their custody or control that showed the structure or operation of the accused instrumentality. Defendants would not provide an answer. See Zelkind Decl., Ex. C.

During this conversation, Defendants asked I-Flow to identify the documents missing from their production. I-Flow first directed Defendants to requirements of the Patent Local Rules and then specifically pointed to the absence of any documents relating to the structure

---

[1] Defendants' designated documents APX00009-13 Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order dated December 13, 2007. See Zelkind Decl., Ex. G.

and operation of the elements identified in the Rule 3.1.c chart. I-Flow expressly requested documents addressing elements identified in its claim chart, including the support member, sleeve, inlet port, outlet port, reservoir and housing. Zelkind Decl., ¶ 7. While Defendants maintained that they satisfied the requirements of the local patent rules, Defendants agreed to review their records and get back to I-Flow at a later date regarding the elements identified. I-Flow requested a response within a week. *Id.* Defendants did not respond to I-Flow's request. Zelkind Decl., ¶ 8.

On March 26, 2008, I-Flow followed up with a fourth letter to Defendants inquiring about the status of Defendants' supplementation of the document production. Zelkind Decl., Ex. D. Defendants finally responded on March 27, 2008, indicating their belief that the production was sufficient. Zelkind Decl., ¶ 9. Defendants have continued to refuse to identify whether they are in possession or control of additional technical documents. Zelkind Decl., ¶ 10. The parties have met and conferred in person on two occasions, but Defendants have refused to supplement their document production. Zelkind Decl. ¶ 11.

### III. ARGUMENT

Rule 3.4(a) of the Patent Local Rules requires defendants to produce technical documents illustrating the operation of the accused product with their preliminary invalidity contentions:

> the party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) … specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in its Patent L.R. 3.1.c chart;

Patent L.R. 3.4(a). The same requirement is found in paragraph 8 of the Court's Scheduling Order.

This court has recently applied decisions of the Northern District to hold that Patent L.R. 3.4(a) requires the alleged infringer to produce "***any and all documents*** describing the operation or structures of [the patentee's] accused devices…." (emphasis original) *NessCap Co., Ltd. v. Maxwell Technologies, Inc.*, 2008 WL 152147, *2 (S.D. Cal. 2008), quoting *IXYS Corp. v.*

*Advanced Power Tech.*, 2004 WL 1368860, *3 (N.D. Cal. 2004); *see also Cryptography Research, Inc. v. Visa Int'l Serv. Assoc.*, 2005 WL 1787421 (N.D. Cal. 2005). Defendants have refused to produce all documents describing the operation and structure of the Accused Solace Pump. Despite I-Flow's efforts to obtain additional information, Defendants refuse to supplement its thirteen page production. Defendants maintain that the thirteen pages are sufficient to show the operation of the Accused Solace Pump and refuse to identify whether they are in possession and control of additional technical documents.

In *NessCap*, defendant Maxwell, like APEX, argued that it satisfied the requirements of "producing documents sufficient to show ..." the operation of the accused device. *NessCap*, 2004 WL 1368860 at *2. The court rejected this narrow reading of the Patent Local Rules. *Id.* The court held that providing fifteen pages of product specifications and data sheets, expert declarations explaining the operation of the accused product, and twenty samples of the accused product did not satisfy the local rules. *Id.* at *2-3. Likewise here, Defendants production of a product brochure and five pages of superficial drawings, some of which appear to have been created for this litigation, does not meet the requirement that Defendants produce "any and all documents" describing the operation and structure of the accused device.

The purpose of Patent Local Rule 3.4 is not to provide the bare minimum documentation, but to streamline the discovery process to allow a patent claimant to fully understand the accused device. Patent L.R. 3.4 offers the plaintiff a procedure for procuring additional information, which the plaintiff could not obtain before initiating the litigation. *NessCap*, 2004 WL 1368860 at *3. In fact, prior to litigation, I-Flow had already independently obtained and evaluated the Defendants' product brochure, which represents eight of the thirteen pages produced. In *IXYS Corp.*, the court emphasized the importance of full disclosure under the local patent rules.

> The Local [Patent] Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.

///

1  *IXYS Corp.*, 2004 WL 1368860 at *3. Patent L.R. 3.4 requires the responding party to provide
2  raw data sufficient to show the operation of the accused aspects of the products and not
3  documents prepared for the purpose of supporting defendant's arguments. *NessCap*, 2004 WL
4  1368860 at *3. Defendants have refused to identify whether any of the produced documents
5  were prepared for the purposes of this litigation.
6       Defendants' production of thirteen pages of documents fails show the operation and
7  structure of the Accused Solace Pump. Moreover, it does not represent all documents in
8  Defendants possession and control describing the Accused Solace Pump. The documents
9  produced by Defendants consist of an eight page sales brochure (which I-Flow had
10 independently obtained prior to litigation) and five pages of superficial drawings. The drawings
11 fail to show any specifics about the infringing device. Defendants have not provided any details
12 regarding the structural components of the Accused Solace Pump identified by I-Flow in the
13 Patent L.R. 3.1.c chart. These elements include the support member, sleeve, inlet port, outlet
14 port, reservoir and housing. Likewise, the thirteen pages of documents provide no technical
15 specifications describing the structural components or materials used in manufacturing these
16 structural components. They do not identify the dimensions of the structural components.
17      Furthermore, the documents provide scant information on the operation of the Accused
18 Solace Pump. For instance, there are no particulars about how the sleeve expands. Defendants
19 have provided inadequate information with respect to material properties of the bladder,
20 operating volumes, pressures, flow rates and other technical specifications of the Accused
21 Solace Pump. APEX provides five pages of superficial drawings and a sales brochure. This
22 disclosure is wholly insufficient and does not comport with the purpose of Patent L.R. 3.4.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV. CONCLUSION

Defendants' insufficient and incomplete production of thirteen pages of documents is not in compliance with Patent L.R. 3.4. For all of the foregoing reasons, I-Flow respectfully requests the Motion to Compel be granted.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 2, 2008          By:  s/Boris Zelkind
                                   Steven J. Nataupsky
                                   Boris Zelkind
                                   Ali S. Razai

Attorneys for Plaintiff and Counter-Defendant
I-FLOW CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2008, I caused the **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

Ralph B. Kalfayan, Esq.
KRAUSE, KALFAYAN, BENINK & SLAVENS LLP
rkalfayan@kkbs-law.com

Norbert Stahl, Esq.
STAHL LAW FIRM
nstahl@patentlawservice.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on April 2, 2008, at San Diego, California.

_____
Megan Ptacin

IFLOWL.241L
5084634
032908

-1-  Certificate of Service
Case No. 07cv01200