Norbert Stahl (SBN 194091)
nstahl@patentlawservice.com
STAHL LAW FIRM
2 Meadowsweet Lane
San Carlos, California 94070
Telephone:    (650) 802-8800
Facsimile:    (650) 802-8484

Attorney for Defendants
APEX MEDICAL TECHNOLOGIES, INC.
and MARK McGLOTHLIN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I-FLOW CORPORATION, a Delaware corporation,<br><br>      Plaintiff,<br><br> vs.<br><br>APEX MEDICAL TECHNOLOGIES, INC., a California corporation; MARK MCGLOTHLIN, an Individual,<br><br>      Defendants.<br>_____<br>APEX MEDICAL TECHNOLOGIES, INC., a California corporation<br><br>      Counterclaimant,<br><br> vs.<br><br>I-FLOW CORPORATION, a Delaware corporation,<br><br>      Counterdefendant. | Case No. 07-CV-1200 – DMS (NLS)<br><br>**APEX' OPPOSITION TO I-FLOW'S MOTION TO COMPEL DOCUMENT PRODUCTION.**<br><br>Date: May 5, 2008<br>Time: 10:30 a.m.<br>Place: 940 Front St, San Diego,<br>    Room 1118<br><br>Judge: Hon. Nita L. Stormes |

Defendant Apex Medical Technologies, Inc. ("Apex") and Mark McGlothlin ("McGlothlin") (collectively "defendants") hereby submit this Opposition to I-Flow Corporation's ("I-Flow" or plaintiff) Motion to Compel Document Production. This Opposition is supported by declarations of McGlothlin ("McGlothlin Dec.") and Norbert Stahl ("Stahl Dec."), submitted herewith.

## INTRODUCTION

Apex provided documents to I-Flow pursuant to Patent L.R. 3.4 that show the function of all aspects of the accused product, Apex' infusion pump called Solace pump. The Solace pump is a simple device and the documents that Apex produced to I-Flow are more than sufficient to show the operation of all aspects of the Solace pump. I-Flow alleges that Apex' documents are not sufficient but I-Flow provides no support for that contention, and instead relies on attorney argument.

This Court recently reviewed the sufficiency of a document production under Patent L.R. 3.4 in *NessCap Co., Ltd. v. Maxwell Technologies, Inc.*, 2008 U.S. Dist. LEXIS 3357 (S.D. Cal. 2008) and held that the documents produced there did not "provide sufficient information" and therefore required production of additional documents. Here, I-Flow's motion fails to show that any aspect of the Solace pump is not shown in the documents Apex produced and I-Flow's motion should therefore be denied.

## STATEMENT OF FACTS

**A.    I-Flow Failed to Identify Deficiencies in Apex Document Production During Meet and Confer.**

During meet and confer, I-Flow did not identify any deficiencies of Apex' Document production but merely demanded more documents (Stahl Dec., ¶¶2-3), and I-Flow's letters during meet and confer confirm this. *See*, Zelkind Declaration submitted with motion. Also, Apex requested during meet and confer that I-Flow identify which aspects of the accused product were not shown in Apex' documents, but I-Flow never provided such information. Stahl Dec., ¶¶2-3.

**B.     I-Flow Demanded that Apex' Documents Show All Elements of the Asserted Claims in the Accused Device.**

During meet and confer, I-Flow asked that Apex' documents must show the elements of the asserted claims in the accused product. Apex cannot make such a production because the accused product lacks elements of the asserted claims. Stahl Dec., ¶2.

**C.     Apex' Documents Show All Aspects of Apex' Infusion Pump.**

All aspects of Apex' infusion pump, and how they function, are shown in Apex' documents produced to I-Flow. McGlothlin Dec., ¶3. I-Flow has not shown otherwise.

### ARGUMENTS

**A.     Apex Complied with Patent L.R. 3.4.**

Apex produced documents under Patent L.R. 3.4 and I-Flow admits that. The documents show the function of all aspects of the accused product. McGlothlin Dec., ¶3. During meet and confer, I-Flow failed to identify any deficiencies in Apex' document production, except that I-Flow wanted more. Apex requested clarification as to what aspects of the accused product were not shown in the documents produced, but I-Flow failed to provide such clarification. Stahl Dec., ¶¶2-3. Even I-Flow's letters during meet and confer confirm that all I-Flow provided was a demand for more documents, but no explanation of how the produced documents fall short, *i.e.*, what aspects of the accused products are not shown. Zelkind Dec.

In *NessCap*, this Court made the same determination that Apex wanted to make to know what additional documents may be needed, but that I-Flow failed to assist in. In *NessCap*, this Court held that the documents that were produced there "do not illustrate the structure of the accused devices or provide sufficient information for NessCap to determine whether there is, for instance, a 'pressure adjusting means.'" *NessCap Co., Ltd.*, 2008 U.S. Dist. LEXIS at *9.

The documents Apex produced show the function of the accused Solace pump and Apex is at a loss to appreciate why I-Flow alleges otherwise. The documents Apex produced show the function of the accused product extremely well, especially the documents labeled as Attorneys Eyes Only, and Apex therefore believes that it has fully complied with Patent L.R. 3.4.

Apex therefore submits that the record fails to support I-Flow's motion and that the motion should be denied.

### B. I-Flow's Motion Relies Only on Attorney Argument.

I-Flow has not shown that Apex' documents are deficient.  Multiple times, I-Flow points to the number of pages and alleges that the documents are "superficial" (Motion, p. 1) or that they show "no details of the operation" (Motion, p. 1).  However, these allegations are not supported and only constitute argument of counsel for I-Flow.  I-Flow's repeated reference to the page count helps little.  Patent L.R. 3.4 does not require a minimum page count, it requires "documentation sufficient to show the operation of any aspects or elements" of the accused device identified in the patentee's Preliminary Infringement Contentions.  I-Flow identified the Solace pump in its Preliminary Contentions and Apex provided documents showing the operation of all aspects of the Solace pump.  McGlothlin Dec., ¶3.

### CONCLUSION

Defendants therefore request that I-Flow's Motion to Compel Document Production be denied and that I-Flow, if it seeks additional documents, first make some showing as to what aspects of the accused device are not sufficiently shown in Apex' documents.

Respectfully submitted,

DATED: April 21, 2008              STAHL LAW FIRM

By:   s/Norbert Stahl
      Norbert Stahl, Esq.

      Attorney for Defendants Apex Medical
      Technologies, Inc. and Mark McGlothlin

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, I electronically filed the foregoing document entitled:

**APEX' OPPOSITION TO I-FLOW'S MOTION TO COMPEL DOCUMENT PRODUCTION**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

boris.zelkind@kmob.com  (Boris Zelkind).

I certify and declare under penalty of perjury under the laws of the Sate of California that the foregoing is true and correct.

Executed on April 21, 2008, at San Carlos, California.

By:   s/Norbert Stahl
       Norbert Stahl, Esq.

       Attorney for Defendant Apex Medical
       Technologies, Inc. and Mark McGlothlin