Norbert Stahl (SBN 194091)
nstahl@patentlawservice.com
STAHL LAW FIRM
2 Meadowsweet Lane
San Carlos, California 94070
Telephone:   (650) 802-8800
Facsimile:    (650) 802-8484

Attorney for Defendant and Counterclaimant
APEX MEDICAL TECHNOLOGIES, INC. and
Defendant MARK MCGLOTHLIN

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I-FLOW CORPORATION, a Delaware corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>APEX MEDICAL TECHNOLOGIES, INC., a California corporation; MARK MCGLOTHLIN, an Individual,<br><br>            Defendants.<br>_____<br>APEX MEDICAL TECHNOLOGIES, INC., a California corporation<br><br>            Counterclaimant,<br><br>    vs.<br><br>I-FLOW CORPORATION, a Delaware corporation,<br><br>            Counterdefendant. | Case No. 07-CV-1200 – DMS (NLS)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO SUPPLEMENT RESPONSES TO FIRST SETS OF INTERROGATORIES.**<br><br>Date:   August 26, 2008<br>Time:  1:30 p.m.<br>Place:  940 Front St, San Diego,<br>           Room 1118<br><br>Judge: Hon. Nita L. Stormes |

REPLY RE MOTION TO COMPEL.          - 1 -          07-CV-1200 – DMS (NLS)

Defendant Apex Medical Technologies, Inc. ("Apex") and Mark McGlothlin ("McGlothlin") (collectively "Defendants") hereby submit this Reply in Support of their Motion to Compel plaintiff I-Flow Corporation's ("I-Flow" or plaintiff) to Supplement Responses to First Sets of Interrogatories ("Interrogatories") by Apex and McGlothlin. Defendants also submit a declaration by Norbert Stahl ("Stahl Dec.").

**INTRODUCTION**

I-Flow's responses to Defendants' Interrogatories ("Responses") do not provide all "information available to" I-Flow pursuant to Fed. R. Civ. P. 33(b)(1)(B). With respect to confidential information under I-Flow's pleadings (trade secret and non-trade secret), I-Flow appears to recognize that its Responses do not contain all information and I-Flow points to depositions as a source for further information. However, reliance on deposition testimony to answer interrogatories requires a showing that the deponents completely answered the interrogatories. I-Flow failed to make such a showing. I-Flow also points to its supplemented statement under Cal. Code of Civil Procedure § 2019.210 ("2019 Statement") as allegedly giving a detailed account of I-Flow's asserted trade secrets. Yet, a 2019 Statement provides guidance for discovery on trade secrets, its does not substitute for discovery. I-Flow seemed to agree with this in its opposition to Apex' objections to the 2019 Statement (also, I-Flow's 2019 Statement is not designated as confidential, consistent with it not including confidential information).

I-Flow responded under Fed. R. Civ. P. 33(d) regarding communications with the FDA related to latex labeling (Apex' Interrogatory No. 10) but I-Flow has still not produced the documents it relies on. Also, Apex believes that I-Flow must have made statements related to latex labeling to the FDA because, according to public FDA files, a recall of I-Flow's ON-Q infusion pump (the product at issue under Apex' latex counterclaims) issued in 1999 for failure to include a latex warning on the label. I-Flow's statements to the FDA, and FDA statements to I-Flow, in connection with that recall, for example, are highly relevant under Apex' counterclaims related to improper latex labeling by I-Flow. If I-Flow made false or misleading statements to the FDA, it should not be permitted to withhold that information.

1  I-Flow's response regarding claims against McGlothlin do not address I-Flow contentions
2  regarding what McGlothlin allegedly did personally as opposed to as a corporate officer of Apex.
3  I-Flow should provide a complete response to these interrogatories too.

4  Defendants therefore ask that I-Flow be ordered to supplement is Responses with all
5  information available to I-Flow.

## ARGUMENT

### A.   I-Flow Did Not Support Undue Burden.

I-Flow did not provide all information responsive to Apex' and McGlothlin's Interrogatories. The Interrogatories are critical for Defendants to prepare a defense and to evaluate the case. *Coker v. Duke & Co.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998) ("Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement.")

I-Flow's opposition does not justify its failure to include all information in its Responses. *Beckner v. El Cajon Police Dep't*, 2008 U.S. Dist. LEXIS 38234, *8 (S.D. Cal. 2008) ("When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses.")

I-Flow did not establish that it would be unduly burdensome for I-Flow to provide complete responses to the Interrogatories because it failed to provide any evidence to substantiate such a claim. "Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden." *Coker*, 177 F.R.D. at 686 ("The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. ... A mere showing of burden and expense is not enough." *Id.*). *See also, Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005)

("Defendant has the burden to show not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.").

I-Flow did not make the requisite showing that providing complete responses to Defendants' Interrogatories would be unduly burdensome and I-Flow should be required to supplement its Responses.

### B. I-Flow's Reliance on Depositions Is Improper and I-Flow Failed to Demonstrate that the Deponents Completely Answered the Interrogatories.

I-Flow's Responses are not cured through depositions of I-Flow witnesses. "'It is well established that an answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.'" *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 1773, *15 (N.D. Cal. 2005) (citations omitted). *See also, Union Pacific Railroad Co. v. Larkin*, 2005 U.S. Dist. LEXIS 13820, *7 (D.N.M. 2005) ("Interrogatory responses that refer to depositions are not complete and not in compliance with rule 33 of the Federal Rules of Civil Procedure.")

**"To support an objection based on duplication one must demonstrate that the deponent(s) completely answered the interrogatories."** *Starlight Int'l, Inc. v. Herlihy, Jr.*, 186 F.R.D. 626, 641 (D. Kan. 1999) (citations omitted, emphasis added) ("The Miller Group Defendants have not adequately shown that the interrogatories at issue duplicate matters previously covered in deposition. They pinpoint no deposition testimony from which the court could find that the deponent gave sufficient answers. The mere fact of a deposition does not justify an objection that the interrogatories are duplicative." *Id.*).

Like the parties in *Starlight* relying on depositions, I-Flow has not shown that the deponents it relies on completely answered the Interrogatories and I-Flow should supplement its Responses.

### C. I-Flow Itself Has Made Full and Early Disclosure of the Alleged Confidential Information Critical.

I-Flow alleges that it disclosed to Defendants various confidential information (trade secret and non-trade secret). I-Flow has provided some discovery on what that confidential information is, but I-Flow designated that discovery as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY. Therefore, in light of I-Flow's designation, Defendants must rely on experts to build a defense as Defendants may not have access to the confidential information (even though I-Flow alleges that it provided that information to Defendants in the past).

Expert reports are due on December 19, 2008, in this case. Therefore, if Defendants are not provided with all details of all confidential information I-Flow alleges to be at issue well in advance of the December 19 deadline, it would make it impossible for Defendants to have their experts consider the information in their reports, leaving Defendants without the possibility of building a defense. In addition, Defendants need to take follow-up discovery once I-Flow has provided a complete disclosure of the alleged confidential information.

If I-Flow could add new allegations based on confidential information not previously identified so that Defendants could not conduct follow-up discovery and have it considered by their experts, the prejudice would be severe. Defendants therefore ask that I-Flow be ordered to provide full disclosure of all details of the alleged confidential information (trade secret and non-trade secret) by no later than September 19, 2008, to give Defendants time to conduct follow-up discovery and to prepare expert reports.

### D. Interrogatories Regarding Trade Secrets.

Defendants need a complete description of the information that constitutes I-Flow's alleged trade secret at issue. That description should contain the detail that I-Flow contends to be the trade secret. I-Flow cannot rely on deposition testimony as I-Flow has not made the requisite showing that the deponents provided complete responses to the Interrogatories. *Starlight Int'l, Inc.*, 186 F.R.D. at 641.

Instructive is also *IMAX Corp. v. Cinema Technologies, Inc.*, 152 F.3d 1161 (9th Cir.

1998). In *IMAX*, the party accused of trade secret misappropriation served interrogatories Nos. 1 and 2 that "asked Imax to 'identify the *entire content* of each and every trade secret' allegedly misappropriated by CTI." *Id.* at 1165 (emphasis in original).

Following a response under Fed. R. Civ. P. 33(d) referring to 469 documents, and following two motions to compel, the District Court "ordered Imax to supply 'complete, written responses to CTI's Interrogatory Nos. 1 and 2.' Imax was further ordered not '[to] employ the option provided by Federal Rule of Civil Procedure 33(d).'" *Id.* at 1165. Following the court's order,

> Imax moved for reconsideration, arguing that it had already identified its trade secrets with reasonable particularity and that CTI was not entitled to a written description of its trade secrets "to the level of 'x feet, y inches.'" Imax pointed out that the deposition of its expert, William Shaw, had provided CTI with a complete identification of all its trade secrets. Imax contended that it should not have to provide written descriptions of trade secrets that had already been the subject of deposition testimony or that were directly reflected in previously produced documents. Imax's motion for reconsideration was denied without comment.

*Id.* at 1165.

Like in *IMAX*, I-Flow argues that it should not be required to give a detailed description of the alleged trade secrets in its Responses in view of deposition testimony. I-Flow's contention should be rejected and I-Flow should be ordered to provide complete descriptions of all alleged trade secrets in its Responses, like in *IMAX*.

Following the court's order in *IMAX*, Imax filed second and third supplemental responses in which it objected *inter alia* on the grounds that the interrogatories were "premature" and that Imax "reserves its right to supplement or amend its response as more information becomes available from defendants." *Id.* at 1165. When the defendants in *IMAX* moved to compel again, the district court denied the motion but "overruled Imax's objections and ordered it to comply with Fed. R. Civ. Proc. 26(e) by supplementing its interrogatory responses to CTI's Interrogatory Nos. 1 and 2 on or before August 31, 1995." *Id.* at 1165-6. Imax thus filed a fourth supplemental response. *Id.* at 1166.

As in *IMAX*, I-Flow should be required to supplement its Responses, if needed, by a set deadline so that Defendants have sufficient time to prepare a rebuttal. ("CTI could not be expected to prepare its rebuttal to Imax's trade secrets claim without some concrete identification of exactly which 'dimensions and tolerances' Imax alleged were incorporated into CTI's own projector system." *Id.* at 1167.)

Defendants therefore request that I-Flow be ordered to supplement its Responses to describe its alleged trade secrets in full and complete detail, including all information requested by the interrogatories, and that such supplementation be provided by a deadline that leaves sufficient time in discovery for Defendants to prepare a rebuttal through follow-up discovery and preparation of expert reports.

**E.      Interrogatories Regarding Non-Trade Secret Confidential Information.**

As for trade secrets, Defendants need to know I-Flow's alleged non-trade secret confidential information at issue in this case to prepare a rebuttal. I-Flow should not be allowed to leave Defendants guessing what information may or may not be in issue. For example, many items listed in I-Flow's Responses are generic or merely state what the information is "regarding" or what it "included" – all of which failing to provide the actual details of the alleged confidential information. I-Flow cannot rely on deposition testimony as I-Flow has not made the requisite showing that the deponents provided complete responses to the Interrogatories. *Starlight Int'l, Inc.*, 186 F.R.D. at 641. Defendants believe that the rationale of *IMAX* is applicable to these interrogatories also and that I-Flow should be ordered to provide full and final supplementations of its Responses.

**F.      Interrogatories Regarding Agreements Related to Confidential Information.**

I-Flow's Responses to McGlothlin's Interrogatories Nos. 7-8 do not "describe in detail" the alleged agreements as requested by McGlothlin. Also, I-Flow's reliance on deposition testimony is deficient as I-Flow did not show that the deponents provided complete responses to the Interrogatories. *Starlight Int'l, Inc.*, 186 F.R.D. at 641. The nature and extent of the alleged

1 confidentiality agreements is also critical to the preparation of a defense and I-Flow should
2 provide complete Responses.

### D. Interrogatories Asking for Details of Apex' Alleged Use of I-Flow's Confidential Information.

I-Flow's Responses to Apex' Interrogatories Nos. 11-12 do not "describe in detail" the aspect(s) of Apex' infusion pump and Apex' business methods that allegedly embody I-Flow's confidential information. I-Flow's reliance on deposition testimony is again deficient as I-Flow did not show that the deponents provided complete responses to the Interrogatories. *Starlight Int'l, Inc.*, 186 F.R.D. at 641. Apex needs to know what activities of Apex I-Flow alleges constitute a taking of confidential information so that Apex can prepare a defense, including expert reports due December 19, 2008.

I-Flow also relies on the Settlement Conference of August 6, 2008, in this case, alleging that misuse of confidential information is supported by Apex' documents. Apex believes that reference to *ex parte* communications during a Settlement Conference are problematic in *inter partes* litigation as Apex was naturally not served with a copy of I-Flow's settlement conference brief and Defendants were not privy to all of I-Flow's representations to the Court during the Settlement Conference. Defendants know that they did not misuse any confidential I-Flow information and fully intend to prove this at trial.

To enable Defendants to prepare a defense for trial, including expert reports, I-Flow should therefore provide complete responses with the activities of Apex that I-Flow alleges constitute use of I-Flow's confidential information.

### E. Interrogatory Asking for Communications with the Food and Drug Administration Related to Apex' Second Counterclaim on Latex Labeling.

I-Flow's Response to Apex' Interrogatory No. 10 relies on documents under Fed. R. Civ. P. 33(d), but I-Flow has still not produced those documents or made them available for copying. Stahl Dec., ¶¶2-6.

Also, in about 1999, I-Flow's ON-Q pump (the product at issue under Apex' counterclaim on latex labeling) was the subject of the following FDA recall for failure to label the product for latex:

```
PRODUCT
Management Systems, intended to provide
continuous infusion of a local anesthetic
directly into an intra-operative site for
postoperative pain management:
a) ON-Q Pain Management System; b) Pain-Buster
Pain Management System.  Recall #Z-313/314-0.
CODE
All lot numbers.
MANUFACTURER
I-Flow Corporation, Lake Forest, California.
RECALLED BY
Manufacturer, by letter on November 12 and 29,
1999, and by
technical bulletin sent on November 22, 1999.
Firm-initiated field correction ongoing.
DISTRIBUTION
Nationwide.
QUANTITY
a) Approximately 5,169 cases (5 units per case);
b) 25,250 units were distributed.
REASON
The devices contain natural rubber latex
components and the label fails to declare,
"Caution: This product contains natural rubber
latex which may cause an allergic reaction."
```

Stahl Dec., Ex. A.

Given I-Flow's use of latex in the ON-Q pump and the above recall, I-Flow must have communicated with the FDA on latex in the ON-Q pump, on latex labeling, on how I-Flow believes the ON-Q pump protects patients and health care workers from latex exposure. I-Flow should provide those communications in response to this Interrogatory.

**F.    Interrogatories Regarding the Factual Basis of I-Flow's Claims Against McGlothlin.**

In its opposition, I-Flow states that it understands that McGlothlin acted in concert with Apex. McGlothlin is the CEO and President of Apex and acts in his role as a corporate officer.

I-Flow chose to name McGlothlin in his personal capacity as a defendant and I-Flow must have a basis for alleging personal liability of a corporate officer.  I-Flow should amend its responses to provide all information on that alleged basis for naming McGlothlin in his personal capacity.

## CONCLUSION

Defendants thus move for an order compelling I-Flow to supplement its Responses to Defendants' Interrogatories.

                          Respectfully submitted,

DATED: August 19, 2008         STAHL LAW FIRM

                    By:   s/Norbert Stahl
                           Norbert Stahl, Esq.

                           Attorney for Defendants Apex Medical Technologies, Inc. and Mark McGlothlin

# CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2008, I electronically filed the foregoing document entitled:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO SUPPLEMENT RESPONSES TO FIRST SETS OF INTERROGATORIES**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

boris.zelkind@kmob.com  (Boris Zelkind).

I certify and declare under penalty of perjury under the laws of the Sate of California that the foregoing is true and correct.

Executed on August 19, 2008, at San Carlos, California.

By:   s/Norbert Stahl
      Norbert Stahl, Esq.

Attorney for Defendants Apex Medical Technologies, Inc. and Mark McGlothlin