# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I-FLOW CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>APEX MEDICAL TECHNOLOGIES, INC., a California corporation, et al.,<br><br>    Defendants.<br>_____<br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv1200 DMS (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR DEFENSE OF INEQUITABLE CONDUCT**<br><br>**[Docket No. 300]** |

This case comes before the Court on Plaintiff's *ex parte* motion for leave to file a motion to dismiss. Defendants filed an opposition to the motion on September 24, 2009, and the Court heard oral argument on the motion on September 25, 2009.

This case was filed on June 29, 2007, more than two years ago. In response to the Complaint, Defendants filed an Answer and Counterclaim on September 14, 2007, in which they alleged an affirmative defense and counterclaim that the patent-in-suit is unenforceable due to inequitable conduct. Plaintiff filed its Answer to that Counterclaim on November 13, 2007.

/ / /

/ / /

1       On November 29, 2007, the Court issued a Scheduling Order in this case, which set a March 5, 2009 deadline for filing motions in this case. That deadline was subsequently extended to May 15, 2009.

On September 11, 2009, nearly four months after the motion cut-off, and less than one month before the trial date, Plaintiff filed the present motion for leave to file a motion to dismiss Defendants' inequitable conduct defense and counterclaim. Plaintiff asserts the impetus for its motion to dismiss is a Federal Circuit decision that was issued on August 4, 2009, and that Federal Rule of Civil Procedure 12(h)(2) allows the filing of its motion at this late date.

Federal Rule of Civil Procedure 12(h)(2) preserves the defense of failure to state a claim from waiver, and states that the defense may be raised "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). It does not, however, provide a vehicle for filing a motion to dismiss for failure to state a claim. Rather, the vehicle for raising the defense is either Federal Rule of Civil Procedure 7(a) or 12(c), neither of which Plaintiff invokes as the basis for its motion.

At this late date, less than two weeks before trial, the Court denies Plaintiff's *ex parte* motion for leave to file its motion to dismiss. Plaintiff waited more than five weeks after the alleged impetus for its motion (the August 4, 2009 Federal Circuit decision) to file the present *ex parte* motion, and it fails to show good cause for leave to file the motion at this time. Furthermore, even if the Court were to allow Plaintiff to file the motion, and the Court were to grant the motion, it would not finally resolve the issue of inequitable conduct. It would simply delay the trial. Accordingly, the Court declines to allow Plaintiff to file its motion to dismiss at this time.

**IT IS SO ORDERED**.

DATED: September 25, 2009

_____
HON. DANA M. SABRAW
United States District Judge