UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I-FLOW CORPORATION, a Delaware corporation,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>APEX MEDICAL TECHNOLOGIES, INC., a California corporation, et al.,<br><br>                                    Defendants.<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv1200 DMS (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENHANCED DAMAGES, EXCEPTIONAL CASE, AND ATTORNEYS FEES**<br><br>**[Docket No. 451]** |

This case comes before the Court on Plaintiff's motion for enhanced damages, exceptional case and attorneys' fees. Defendants filed an opposition to the motion. Reply briefs were not permitted. For the reasons set out below, the Court grants the motion.

**I.**

**ENHANCED DAMAGES**

Plaintiff requests that the Court treble the patent damages in light of the jury's finding of willful infringement. Although a finding of willful infringement is a prerequisite to an award of enhanced damages, it does not automatically entitle a patentee to such an award. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992), *abrogated on other grounds by Markman v.*

*Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995)), (citing *Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 543 (Fed. Cir. 1990)). Rather, "[t]he paramount determination in deciding to grant enhancement and the amount thereof is the egregiousness of the defendant's conduct based on all the facts and circumstances." *Id.* Courts "must consider factors that render defendant's conduct more culpable, as well as factors that are mitigating or ameliorating." *Id.* These factors include: (1) whether the infringer deliberately copied the ideas or design of another, (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed, (3) the infringer's behavior as a party to the litigation, (4) the infringer's size and financial condition, (5) closeness of the case, (6) duration of the infringer's misconduct, (7) remedial action by the infringer, (8) the infringer's motivation for harm, and (9) whether the infringer attempted to conceal its misconduct. *Id.* at 827. The Court addresses these factors below.

Plaintiff argues it presented substantial evidence that Defendants copied its On-Q pump. That evidence consists primarily of Defendants' e-mails, interoffice memoranda and handwritten notes. Defendants state that evidence was taken out of context. They also assert they developed their Solace pump independent of Plaintiff, and the Solace pump incorporated different materials and had a different shape than Plaintiff's On-Q pump. In support of this assertion, Defendants cite the testimony of their employees, including Mr. McGlothlin, and the inventor of the '481 Patent, Emil Soika. All of this evidence demonstrates that Defendants were aware of Plaintiff's On-Q pump during the design, construction and manufacture of the Solace pump, but it does not warrant a finding that Defendants deliberately copied Plaintiff's product. Rather, it appears Defendants attempted to design around the On-Q pump. Accordingly, this factor weighs against an award of enhanced damages.

The second factor asks whether Defendants investigated the scope of Plaintiff's patent and formed a good-faith belief that it was invalid or not infringed. Plaintiff argues Defendants did not do so, and points to their failure to obtain an opinion of counsel until after this case was filed. Plaintiff also states Defendants did not read or rely on the opinion of counsel, and that the opinion was flawed.

Defendants do not dispute that they did not obtain an opinion of counsel until after the case was filed, but argue they were under no obligation to do so. Although Defendants are correct, *see id.*

1  at 828 (stating absence of opinion does not mandate finding of willfulness), their failure to obtain an
2  opinion until after this case was filed speaks to the adequacy of their investigation, which apparently
3  consisted of Defendants' employees reviewing the patent and determining that the Solace pump would
4  not infringe.  Based solely thereon, Defendants proceeded with their Solace pump.  Only after Plaintiff
5  filed this case did Defendants obtain an opinion of counsel, but counsel failed to construe the patent
6  claims and failed to analyze whether the patent was invalid or unenforceable due to inequitable
7  conduct.  Defendants assert the timing and substance of the opinion letter is irrelevant to their good-
8  faith belief that they were not infringing the patent, but that assertion is contradicted by the case law.
9  *See SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1467 (Fed. Cir. 1997) ("To serve as
10 exculpatory legal advice the opinion of counsel is viewed objectively, to determine whether it was
11 obtained in a timely manner, whether counsel analyzed the relevant facts and explained the
12 conclusions in light of the applicable law, and whether the opinion warranted a reasonable degree of
13 certainty that the infringer had the legal right to conduct the infringing activity.")  On the whole, this
14 factor weighs in favor of an award of enhanced damages.

15      The third factor looks at the infringer's behavior as a party to the litigation.  Plaintiff asserts
16 Defendants drove up the costs by litigating various issues, including their false advertising
17 counterclaim, but the Court disagrees.  Defendants' conduct in this case was on par, if not slightly
18 more restrained, with other defendants in patent cases.  Accordingly, this factor weighs against an
19 award of enhanced damages.

20      The fourth factors looks at the infringer's size and financial condition.  Plaintiff does not
21 address Defendants' size, but asserts they are financially viable companies, particularly Apex, which
22 has seen annual revenues of $2 million since 2004.  Defendants do not dispute Apex's annual revenue
23 figures, but they assert Zone has yet to see a profit.  They also contend they are small companies.  The
24 evidence supports Defendants' contention that they are small companies, and it also supports
25 Plaintiff's contention that Apex is financially viable.  Zone, however, is not in good financial
26 condition.  Indeed, the financial condition of both Defendants is tenuous in light of the damages
27 awarded in this case.  Accordingly, this factor weighs against an award of enhanced damages.
28 / / /

1          The fifth factor is the closeness of the case. Plaintiff argues this factor weighs heavily in its
2   favor, and the Court agrees. The jury found for Plaintiff on each of its claims, including findings of
3   willfulness, and also found for Plaintiff on Defendants' counterclaims. It awarded Plaintiff more than
4   $6 million in compensatory damages against Apex, nearly $5 million in compensatory damages
5   against McGlothlin, and nearly $100,000 in compensatory damages against Zone. It also awarded
6   Plaintiff punitive damages against McGlothlin of $1.5 million. In light of these verdicts, this was not
7   a close case. This factor therefore weighs in favor of an award of enhanced damages.

8          The sixth factor looks at the duration of the infringer's misconduct. Plaintiff asserts
9   Defendants' misconduct began in 2003 and continued through 2009. Defendants do not address this
10  factor, but the evidence supports Plaintiff's assertion. Six years of misconduct is substantial, and thus
11  this factor weighs in favor of an award of enhanced damages.

12         The seventh factor looks to any remedial action by the infringer. Here, Plaintiff asserts
13  Defendants did not take any remedial action until after this case was filed. Defendants do not dispute
14  this fact, but point out that they did take remedial action in the form of modifying the Solace pump.
15  Based on the timing of Defendants' remedial action, this factor weighs slightly in favor of an award
16  of enhanced damages.

17         The eighth factor looks to the infringer's motivation for harm. Plaintiff asserts Defendants'
18  here were motivated by greed, while Defendants argue they were motivated to provide a latex-free
19  product. Both arguments are plausible, but neither demonstrates that Defendants were motivated to
20  harm Plaintiff as opposed to advancing their own interests. Accordingly, this factor weighs against
21  an award of enhanced damages.

22         The final factor asks whether the infringer attempted to conceal its misconduct. Plaintiff
23  asserts Defendants did exactly that, and it cites several pieces of evidence in support, including e-mails
24  from McGlothlin, Defendants' request for non-publication of its patent application, and testimony
25  from Defendants' employees that they did not inform Plaintiff of their plans to develop the Solace
26  pump despite the opportunity to do so. Defendants dispute that they concealed their conduct, and
27  downplay their request for non-publication of their patent application. However, the evidence and the
28  jury's verdict support Plaintiff's position that Defendants attempted to conceal their misconduct, and

were successful in doing so for a considerable amount of time. Accordingly, this factor supports an award of enhanced damages.

After consideration of these factors, the Court finds it appropriate to enhance the damages awarded in this case. However, the Court declines to treble the damages, as Plaintiff requests. Rather, the Court finds an enhancement of $1 million is appropriate as to Defendant Apex, and an enhancement of $32,000 is appropriate as to Defendant Zone.

## II.
## ATTORNEYS' FEES

The next issue is whether Plaintiff is entitled to recover its attorneys fees. Plaintiff argues it is entitled to such recovery in light of the jury's finding of willful infringement and willful trade secret misappropriation. Defendants do not address the willful infringement finding, but argue Plaintiff is not entitled to attorneys' fees based on the jury's finding of willful trade secret misappropriation.

Title 35 U.S.C. § 285 states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

> A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions.

*Brooks Furniture Manufacturing, Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). This case qualifies as exceptional in light of the jury's finding of willful infringement. Accordingly, Plaintiff is entitled to recover its attorneys' fees under 35 U.S.C. § 285.[1]

## III.
## PREJUDGMENT INTEREST

The final issue in this motion is whether Plaintiff is entitled to prejudgment interest. The Supreme Court has held "that prejudgment interest should be awarded under [35 U.S.C.] § 284 absent some justification for withholding such an award." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). The Court did not provide an exhaustive list of reasons for refusing to award

---

[1] In light of this finding, the Court does not address whether Plaintiff is entitled to recover its attorneys' fees under California Civil Code § 3426.4.

prejudgment interest, but did state that prejudgment interest could be refused "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." *Id.* Courts have cited that justification in refusing to award prejudgment interest, *see e.g.*, *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1362 (Fed. Cir. 2001) (upholding district court's refusal to award prejudgment interest based on plaintiff's delay in initiating suit), and have cited other reasons, as well. *See, e.g.*, *Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1308 (Fed. Cir. 2005) (upholding denial of prejudgment interest while patent was expired); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1546 (Fed. Cir. 1991) (upholding denial of prejudgment interest while case was stayed). However, the Federal Circuit has not adopted the four-factor test cited by Defendants in support of its argument against an award of prejudgment interest. This Court therefore declines to address those factors here. Even if this Court were to consider those factors, they would not be sufficient to depart from the general rule of awarding prejudgment interest. Accordingly, the Court finds Plaintiff is entitled to prejudgment interest on the compensatory damage awards in this case. *See Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1066 (Fed. Cir. 1983) (stating "prejudgment interest cannot be assessed on the increased or punitive portion of the damage award.") The Court declines to award Plaintiff prejudgment interest on any attorneys' fees award.

## IV.

## CONCLUSION

In sum, the Court grants Plaintiff's motion for enhanced damages. In addition to the compensatory damages awarded by the jury, the Court awards Plaintiff enhanced damages of $1 million against Apex and $32,000 against Zone for their willful patent infringement. In light of the finding of willful infringement, the Court also grants Plaintiff's request for attorneys' fees. Plaintiff shall also recover prejudgment interest on the compensatory damages awarded by the jury.

**IT IS SO ORDERED**.

DATED: January 6, 2010

HON. DANA M. SABRAW
United States District Judge