# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I-FLOW CORPORATION, a Delaware corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>APEX MEDICAL TECHNOLOGIES, INC., a California corporation, et al.,<br><br>　　　　　　　　　　　　Defendants.<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv1200 DMS (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**<br><br>**[Docket No. 448]** |

This case comes before the Court on Plaintiff's motion for permanent injunction. Defendants filed an opposition to the motion. Reply briefs were not permitted. For the reasons set out below, the Court grants the motion.

## I.

## DISCUSSION

According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

///

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiff argues these factors weigh in favor of a permanent injunction. Defendants assert Plaintiff's proposed injunction does not satisfy Federal Rule of Civil Procedure 65, and it should not be entered.

### A.     Irreparable Injury

Plaintiff argues it has suffered irreparable injury in the form of loss of market share, loss of the right to control the terms of its patent license agreements, and loss of its competitive advantage. Defendants do not address these arguments directly, but imply that Plaintiff will not suffer these harms in the future because Defendants have ceased manufacturing the infringing product. However, "[t]his argument is contrary to the law. 'The fact that the defendant has stopped infringing is generally not a reason for denying an injunction against future infringement unless the evidence is very persuasive that further infringement will not take place.'" *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 633 F.Supp.2d 361, 394 (E.D. Tex. 2009) (quoting *W.L. Gore & Assoc., Inc. v. Garlock, Inc.*, 842, F.2d 1275, 1281-82 (Fed. Cir. 1988)). Here, Defendants argue their redesigned products do not infringe, but they have failed to produce persuasive evidence to support that argument. On the contrary, Plaintiff has demonstrated it lost market share, the right to control its patent license agreement, and its competitive advantage as a result of Defendants' conduct. These losses are sufficient to demonstrate irreparable injury, *Funai Electric Co., Ltd. v. Daewoo Electronics Corp.*, 593 F.Supp.2d 1088, 1111 (N.D. Cal. 2009), and thus this factor weighs in favor of an injunction.

### B.     Adequacy of Legal Remedies

The second factor asks whether legal remedies are adequate to compensate for the plaintiff's injuries. Plaintiff here asserts they are not because of the nature of the injuries. Specifically, Plaintiff argues it would be difficult to calculate its future losses, the harm to its reputation and the loss of its position as the sole provider of soft shell pain pumps. However, Plaintiff's future losses as a result of the Solace pump should be non-existent since Defendants have discontinued the manufacture, distribution and sale of that product. Furthermore, it is unclear how Plaintiff's reputation has been harmed by Defendants' conduct, especially in light of the jury verdict. Plaintiff asserts Defendants' products and customer service are inferior to its products and service, which "may reflect poorly on the market's perception of the overall value of I-Flow's patented and trade secret-protected

technology," (Mem. of P. & A. in Supp. of Mot. at 9), but that logic is unsound. Defendants' products and services are a reflection of Defendants, not Plaintiff. Nevertheless, the injury to Plaintiff's position in the soft shell pain pump market is difficult, if not impossible, to quantify. As Plaintiff points out, it made a strategic decision not to license the patented technology at issue in this case to anyone, thereby establishing its position as the market leader. By virtue of Plaintiff's dealings with Defendants, Plaintiff lost its status as the sole provider of soft shell pain pumps. That is an injury from which Plaintiff is unlikely to recover, and is one that is not amenable to a legal remedy. Accordingly, this factor weighs in favor of an injunction.

**C.    Balance of Hardships**

The third factor requires the Court to balance the hardships between the plaintiff and the defendant. Plaintiff argues that balance weighs in its favor because the On-Q pump is its flagship product while the Solace pump constitutes only a small part of Defendants' business. However, the importance of the products to the respective parties does not demonstrate that Plaintiff will be harmed if an injunction does not issue. As mentioned above, Defendants have already discontinued the manufacture, distribution and sale of the infringing Solace pump. Thus, any benefit that Plaintiff would receive from an injunction has already been realized. Although Defendants may not suffer any hardship if an injunction is imposed because they have already discontinued the infringing Solace pump, that does not mean the balance of hardships favors Plaintiff. Rather, it appears neither side will suffer any hardship if an injunction is, or is not, issued. Accordingly, this factor is neutral.

**D.    Public Interest**

The fourth and final factor requires the plaintiff to show that the public interest would be served by a permanent injunction. Here, Plaintiff identifies three public interests that would be served by an injunction: The interest in maintaining a strong patent system, the interest in fair and healthy competition, and the interest in discouraging future wrongdoing. The Court agrees with Plaintiff that these interests would be served by an injunction in this case. Accordingly, this factor weighs in favor of an injunction.

After considering these equitable factors, the Court grants Plaintiff's motion for a permanent injunction.

**E.     Scope of the Injunction**

This leaves the issue of the scope of the injunction. Defendants argue Plaintiff's proposed order does not satisfy the requirements of Federal Rule of Civil Procedure 65(d), and the Court agrees. The proposed order refers to "the Solace Pump," "Defendants' existing pumps," "pump products that meet all of the limitations of one or more claims of U.S. Patent No. 5,248,481 during the unexpired term of that patent," "any pump that is merely colorably or insubstantially different from the Solace Pump with respect to the claims of the U.S. Patent No. 5,248,481," and "any pump which incorporates I-Flow's Trade Secret technical or business information or Confidential Information." These varying descriptions of the products covered by the injunction do not satisfy Rule 65(d)(1)'s requirement that "[e]very order granting an injunction ... state its terms specifically[.]" Fed. R. Civ. P. 65(d)(1)(B). Furthermore, the proposed order refers to and incorporates by reference Jury Instruction Number 3.1, which is contrary to Rule 65(d)(1)(C)'s requirement that orders granting injunctions "describe in reasonable detail-and not by referring to the complaint or other document-the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). For these reasons, the Court declines to adopt Plaintiff's proposed order.

The Court also declines to enjoin Defendants from conduct related to Plaintiff's Trade Secret technical and business information and Confidential Information. Although that information is listed in Jury Instruction No. 3.1, the verdict form does not specify which of those twelve items the jury found to be (1) a trade secret and (2) misappropriated by Defendants. That portion of the verdict form was adopted from Plaintiff's proposed jury verdict form, (*compare* Docket No. 363 *with* Docket No. 424), and over Defendants' repeated objections. Having failed to ask the jury to specify which items are trade secrets and misappropriated by Defendants, Plaintiff is not now entitled to an injunction covering all twelve items.

## II.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Plaintiff's motion for entry of permanent injunction as follows:

/ / /

1.  Pursuant to the Patent Act, 35 U.S.C. § 283, Apex and Zone, together with their officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, offering to sell, selling, or distributing within the United States, its territories and possessions, or by importing into the United States, its territories and possessions, Version I of the Solace pump and other devices that are no more than colorably different therefrom and that are clearly infringements of U.S. Patent No. 5,248,481 ("the '481 Patent") during the unexpired term of the patent, without authorization or license from I-Flow.

2.  This injunction shall take effect within fourteen (14) days after entry of this Order.

3.  Within fourteen (14) days of entry of this Order, Defendants shall remove and recall all Version I Solace pumps from the marketplace, including Version I Solace pump products that Defendants sold to customers, or are the subject of an offer to sell to a customer, as of the date of entry of this Order. Defendants shall also turn over, within fourteen (14) days of entry of this Order, all Version I Solace pump products in their possession, custody or control to I-Flow. The provisions in this paragraph apply to Version I of the Solace pump, and any pump that is no more than colorably different therefrom and that clearly infringes the '481 Patent.

4.  This Court retains jurisdiction to monitor and enforce compliance with this Permanent Injunction.

5.  Within thirty (30) days of this Order, Defendants shall file a report with the Court and serve same upon I-Flow's counsel detailing the steps Defendants have taken to comply with this Order. Such report shall include an identification of each of the Version I Solace pumps recalled from the marketplace, the location of each such Version I Solace pump, and the date on which the Version I of the Solace pump was received by Defendants.

**IT IS SO ORDERED**.

DATED: January 8, 2010

HON. DANA M. SABRAW
United States District Judge