Steven J. Nataupsky (State Bar No. 155,913)
snataupsky@kmob.com
Michael Friedland (State Bar No. 157,217)
mfriedland@kmob.com
Boris Zelkind (State Bar No. 214,014)
boris.zelkind@kmob.com
Ali S. Razai (State Bar No. 246,922)
ali.razai@kmob.com
Ian Jaquette (State Bar No. 253,887)
ian.jaquette@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
San Diego, CA 92101
Telephone: (619) 235-8550
Facsimile:  (619) 235-0176

Attorneys for Plaintiff and Counter-Defendant
I-FLOW CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I-FLOW CORPORATION, a Delaware corporation, | Case No. 07-cv-1200 DMS (NLS) |
| Plaintiff/Counter-Defendant. | **JOINT MOTION FOR CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| APEX MEDICAL TECHNOLOGIES, INC., a California corporation, MARK MCGLOTHLIN, an Individual, | |
| Defendants/Counter-Claimants. | Honorable Dana M. Sabraw |
| I-FLOW CORPORATION, a Delaware corporation, | |
| Plaintiff/Counter-Defendant | |
| v. | |
| ZONE MEDICAL LLC, a California limited liability company, | |
| Defendant/Counter-Claimant. | |

Plaintiff I-Flow Corporation ("I-Flow") and Defendants Apex Medical Technologies, Inc. ("Apex"), Mark McGlothlin ("McGlothlin") and Zone Medical, LLC ("Zone") (collectively "Defendants") hereby stipulate and jointly move for entry of final judgment as follows:

WHEREAS, on June 10, 2010 ("Effective Date") I-Flow and Defendants entered into a Confidential Settlement Agreement ("Settlement Agreement) that disposed of all claims in this Action; and

WHEREAS, pursuant to the Settlement Agreement, the parties have agreed to entry of a Final Consent Judgment and Permanent Injunction as set forth herein;

1. This Court has subject matter jurisdiction over this action as well as personal jurisdiction over the parties.

2. Venue is proper in this judicial district.

3. I-Flow is the owner of U.S. Patent No. 5,284,481 (the "'481 patent").

4. Claims 1, 2, and 15 of the '481 patent are valid and enforceable.

5. Apex and Zone have manufactured, sold, and/or distributed the Solace™ Post-Operative Pain Relief Infusion System ("Solace Pump") both domestically and internationally.

6. Apex and Zone infringe Claims 1, 2, and 15 of the '481 patent by their manufacture, sale, and/or distribution of the Solace Pump.

7. I-Flow owns one or more of the technical and business information contained in Exhibit 1, attached hereto.[1]  This technical and business information constitutes one or more trade secrets owned by I-Flow ("Trade Secret Technical and Business Information").  I-Flow has disclosed non-trade secret confidential business and technical information ("Confidential Information") to Apex and McGlothlin in confidence.

8. The jury found that Apex and McGlothlin misappropriated I-Flow's Trade Secret Technical and Business Information, engaged in activities constituting a breach of I-Flow's

---

[1] A redacted version of Exhibit 1 is filed herewith.  An unredacted copy has been submitted to the Court with a request to file under seal.

confidence with respect to the Confidential Information, and competed unfairly under California common law by their manufacture, sale, and/or distribution of the Solace Pump.

9. Pursuant to the Patent Act, 35 U.S.C. § 283, Defendants, together with their officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, offering to sell, selling, or distributing within the United States, its territories and possessions, or by importing into the United States, its territories and possessions, the Solace Pump or any other devices that are no more than colorably different therefrom and that are clearly infringements of the '481 patent during the life of said patent.

10. Pursuant to the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.2(a), Apex and McGlothlin, together with their officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from any and all use of I-Flow's Trade Secret Technical and Business Information.

11. Apex and McGlothlin, together with their officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them are permanently enjoined from either directly or indirectly making or selling any pain pump that includes an elastomeric material that incorporates or reflects I-Flow's Trade Secret Technical and Business Information, including elastomeric infusion pumps with an elastomeric bladder such as that used in the Solace Pump.

12. Apex and McGlothlin, together with their officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them are permanently enjoined from disclosing, either directly or indirectly, I-Flow's Trade Secret Technical and Business Information .

13. This injunction shall take effect as of the Effective Date. The prohibition of paragraph 9 shall remain in effect as long as the '481 patent remains unexpired. The prohibitions

of paragraphs 10, 11, and 12 shall remain in effect for a period of fifteen years from the Effective Date.

14. Defendants are permitted to sell their remaining units of the Solace Pump in their inventory, which have been completed up to and including the specification known as MAP 59029-X, Rev. C, through 6.8, and to complete the manufacturing of said units to include without limitation, all required sterilization, testing, and the addition of any appropriate tubing, accessories and packaging, and such manufacturing and sales will not be a violation of this Order provided that:

   a. For ninety (90) days following May 14, 2010, Defendants sell no more than 3000 units of the Solace Pump in the United States to end-users only;

   b. For one hundred eighty (180) days following May 14, 2010, Defendants sell their remaining inventory of Accused Devices outside the United States through third party dealers and distributors;

   c. The total number of units sold pursuant to Paragraphs 14(a) and 14(b) do not exceed 6,000 exclusive of any sales from Apex to Zone if they would result in the double counting of any specific unit.  The sell-off periods set forth in Paragraphs 14(a) and 14(b) are collectively referred to as the Sell-Off Period.

   d. Upon the conclusion of the Sell-Off Period, Defendants shall provide all remaining inventory of Accused Devices and components used only in the Solace Pump to I-Flow for destruction.

15. Final Judgment is hereby entered in favor of I-Flow on all causes of action.

16. Each party will bear its own costs and attorneys' fees for this action.

17. No other or further relief is granted to any party.

18. The parties advise that that they affirmatively waive any and all rights to appeal this Final Consent Judgment and Permanent Injunction.

/ / /

/ / /

/ / /

19. This Court retains jurisdiction to monitor and enforce compliance with this Permanent Injunction.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 11, 2010           By: s/Boris Zelkind
                                   Steven J. Nataupsky
                                   Michael Friedland
                                   Boris Zelkind
                                   Ali S. Razai
                                   Ian Jaquette

                               Attorneys for Plaintiff and Counter-Defendant
                               I-FLOW CORPORATION


MAYFIELD & ASSOCIATES


Dated: June 11, 2010           By: s/Gayle Mayfield-Venieris
                                   Gayle Mayfield-Venieris
                                   Melissa L. Bustarde
                                   Christopher Y. Lock

                               Attorneys for Defendants and Counter-Claimants
                               APEX MEDICAL TECNOLOGIES, INC., and MARK MCGLOTHLIN


X-PATENTS, APC

Dated : June 11, 2010          By: s/Jonathan Hangartner
                                   Jonathan Hangartner
                               Attorney for Defendant and Counter-Claimant
                               ZONE MEDICAL, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2010, I caused the **JOINT MOTION FOR CONSENT JUDGMENT AND PERMANENT INJUNCTION** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

Trevor Q. Coddington, Ph.D., Esq.
SAN DIEGO IP LAW GROUP, LLP
trevorcoddington@sandiegoiplaw.com

James V. Fazio, III
SAN DIEGO IP LAW GROUP, LLP
jamesfazio@sandiegoiplaw.com

Douglas Olson
SAN DIEGO IP LAW GROUP, LLP
dougolson@sandiegoiplaw.com

Jessica S. Mitchell
jsm_mitchell@yahoo.com

Robert C. Matz
THE LAW OFFICE OF ROBERT C. MATZ, LLP
rcmatz@rcmatzlaw.com

William O'Brien
One, LLP
wobrien@onellp.com

and served the remaining parties or their counsel of record shown below, not registered to receive electronic notification via:

**VIA EMAIL AND U.S. MAIL:**

Gayle Mayfield
MAYFIELD & ASSOCIATES
462 Stevens Ave, Suite 303
Solana Beach, CA 92075
mayfield@mayfield-law.com

Jonathan Hangartner
X-PATENTS, APC
5670 La Jolla Boulevard, CA 92037
jon@x-patents.com

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on June 11, 2010, at San Diego, California.

_____
Megan Ptacin

IFLOWL.241L/IFLOWL.261L
9186305
061010