Steven J. Nataupsky (State Bar No. 155,913)
snataupsky@kmob.com
Michael Friedland (State Bar No. 157,217)
mfriedland@kmob.com
Boris Zelkind (State Bar No. 214,014)
boris.zelkind@kmob.com
Ali S. Razai (State Bar No. 246,922)
ali.razai@kmob.com
Ian Jaquette (State Bar No. 253,887)
ian.jaquette@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
San Diego, CA 92101
Telephone: (619) 235-8550
Facsimile:  (619) 235-0176

Attorneys for Plaintiff and Counter-Defendant
I-FLOW CORPORATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I-FLOW CORPORATION, a Delaware corporation,<br><br>              Plaintiff/Counter-Defendant.<br><br>     v.<br><br>APEX MEDICAL TECHNOLOGIES, INC., a California corporation, MARK MCGLOTHLIN, an Individual,<br><br>              Defendants/Counter-Claimants. | Case No. 07-cv-1200 DMS (NLS)<br><br>**ORDER GRANTING JOINT MOTION FOR CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br><br><br><br>Honorable Dana M. Sabraw |
| I-FLOW CORPORATION, a Delaware corporation,<br><br>              Plaintiff/Counter-Defendant<br><br>     v.<br><br>ZONE MEDICAL LLC, a California limited liability company,<br><br>              Defendant/Counter-Claimant. | |

The Court, having considered the parties' Joint Motion for Consent Judgment and Permanent Injunction, and good cause appearing, hereby GRANTS the parties' Joint Motion for Consent Judgment and Permanent Injunction based on the Confidential Settlement Agreement ("Settlement Agreement) executed by and between the parties on June 10, 2010 ("Effective Date"), which disposed of all claims in this Action.

IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED THAT:

1. This Court has subject matter jurisdiction over this action as well as personal jurisdiction over the parties.

2. Venue is proper in this judicial district.

3. I-Flow is the owner of U.S. Patent No. 5,284,481 (the "'481 patent").

4. Claims 1, 2, and 15 of the '481 patent are valid and enforceable.

5. Defendants Apex Medical Technologies, Inc. ("Apex") and Mark McGlothlin ("McGlothlin") have manufactured, sold, and/or distributed the Solace™ Post-Operative Pain Relief Infusion System ("Solace Pump") both domestically and internationally.

6. Apex and Zone Medical, LLC ("Zone") infringe Claims 1, 2, and 15 of the '481 patent by their manufacture, sale, and/or distribution of the Solace Pump.

7. I-Flow owns one or more of the technical and business information contained in Exhibit 1, attached hereto.[1] This technical and business information constitutes one or more trade secrets owned by I-Flow ("Trade Secret Technical and Business Information"). I-Flow has disclosed non-trade secret confidential business and technical information ("Confidential Information") to Apex and McGlothlin in confidence.

8. The jury found that Apex and McGlothlin misappropriated I-Flow's Trade Secret Technical and Business Information, engaged in activities constituting a breach of I-Flow's confidence with respect to the Confidential Information, and competed unfairly under California common law by their manufacture, sale, and/or distribution of the Solace Pump.

---

[1] A redacted version of Exhibit 1 is filed herewith. An unredacted copy has been submitted to the Court with a request to file under seal.

9. Pursuant to the Patent Act, 35 U.S.C. § 283, Defendants, together with their officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, offering to sell, selling, or distributing within the United States, its territories and possessions, or by importing into the United States, its territories and possessions, the Solace Pump or any other devices that are no more than colorably different therefrom and that are clearly infringements of the '481 patent.

10. Pursuant to the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.2(a), Apex and McGlothlin, together with their officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from any and all use of I-Flow's Trade Secret Technical and Business Information.

11. Apex and McGlothlin, together with their officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them are permanently enjoined from either directly or indirectly making or selling any pain pump that includes an elastomeric material that incorporates or reflects I-Flow's Trade Secret Technical and Business Information, including elastomeric infusion pumps with an elastomeric bladder such as that used in the Solace Pump.

12. Apex and McGlothlin, together with their officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation with them are permanently enjoined from disclosing, either directly or indirectly, I-Flow's Trade Secret Technical and Business Information.

13. This injunction shall take effect as of the Effective Date. The prohibition of paragraph 9 shall remain in effect as long as the '481 patent remains unexpired. The prohibitions of paragraphs 10, 11, and 12 shall remain in effect for a period of fifteen years from the Effective Date.

/ / /

14. Defendants are permitted to sell their remaining units of the Solace Pump in their inventory, which have been completed up to and including the specification known as MAP 59029-X, Rev. C, through 6.8, and to complete the manufacturing of said units to include without limitation, all required sterilization, testing, and the addition of any appropriate tubing, accessories and packaging, and such manufacturing and sales will not be a violation of this Order provided that:

   a. For ninety (90) days following May 14, 2010, Defendants sell no more than 3000 units of the Solace Pump in the United States to end-users only;

   b. For one hundred eighty (180) days following May 14, 2010, Defendants sell their remaining inventory of Accused Devices outside the United States through third party dealers and distributors;

   c. The total number of units sold pursuant to Paragraphs 14(a) and 14(b) do not exceed 6,000 exclusive of any sales from Apex to Zone if they would result in the double counting of any specific unit. The sell-off periods set forth in Paragraphs 14(a) and 14(b) are collectively referred to as the Sell-Off Period.

   d. Upon the conclusion of the Sell-Off Period, Defendants shall provide all remaining inventory of Accused Devices and components used only in the Solace Pump to I-Flow for destruction.

15. Final Judgment is hereby entered in favor of I-Flow on all causes of action.

16. Each party will bear its own costs and attorneys' fees for this action.

17. No other or further relief is granted to any party.

18. The parties advise that that they affirmatively waive any and all rights to appeal this Final Consent Judgment and Permanent Injunction.

/ / /

/ / /

/ / /

/ / /

1     19.    This Court retains jurisdiction to monitor and enforce compliance with this Permanent Injunction.

IT IS SO ORDERED.

Dated: June 15, 2010        By: _____
                                   HONORABLE DANA M. SABRAW
                                   UNITED STATES DISTRICT JUDGE

9186331
061010